UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


CHARLES DOUGLAS OWENS, II                                    PLAINTIFF

VERSUS                                 CIVIL ACTION NO. 1:09CV615-LG-RHW

JACQUELYN BANKS                                              DEFENDANT


**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

        This matter is before the Court on petitioner Charles Douglas Owens, II's petition for writ

of habeas corpus filed pursuant to 28 U.S.C. § 2254.  A [1] petition was filed on Owens' behalf

on August 5, 2009.  Owens then filed an [2] amended petition on August 10, 2009.  In a [5] letter

to the Court dated August 12, 2009, Owens explained that the first petition was filed by PPS

Legal Research Clinic without his authorization.  Owens had hired PPS Legal Research Clinic to

assist him in researching his claims, but he states that the petition of August 5, 2009, was filed

without his knowledge or consent.  In a [10] Response to [9] Order of the Court, Owens

reiterated that the [2] amended petition filed on August 10, 2009, is the petition that he is

presenting for the Court's consideration.  Based on Owens' representations, the undersigned will

consider only those claims and arguments raised in the [2] amended petition filed on August 10,

2009.  The undersigned will disregard the [1] petition filed on August 5, 2009.

        Initially, Respondent filed a [14] Motion to Dismiss Owens' petition as time barred.  The

undersigned entered a [18] Report and Recommendation recommending the denial of this

motion.  The U.S. District Judge adopted the findings and conclusions  in the recommendation

and denied Respondent's motion to dismiss by [19] Order dated April 15, 2010.  On May 7,

2010, Owens filed a [20] Motion for Default Judgment.  On May 10, 2010, the Court entered a

"Text Only Order" directing Respondent to file a response to Owens' § 2254 petition no later than May 24, 2010.  Respondent timely filed its [23] Response on May 24, 2010.  On May 25, 2010, Owens filed yet another [24] Motion for Default Judgment.  Based on Respondent's timely compliance with the Court's "Text Only Order" setting a response deadline of May 24, 2010, the undersigned recommends that Owens' [20, 24] Motions for Default Judgment be denied.

### Factual and Procedural Background

Owens currently is serving a 40-year term of imprisonment following his guilty plea and sentencing on charges of armed robbery and aggravated assault.  The factual and procedural background, which the undersigned will summarize, is found in *Owens v. State of Mississippi*, 996 So.2d 85, 87 (Miss. Ct. App. 2008).  Owens worked for a beach-side vending service owned by Raleigh Richard Carter.  Owens and Carter were discussing Owens' wages when an argument ensued.  Owens hit Carter on the head with a claw hammer and then pistol whipped Carter causing skull and facial fractures.  Next, Owens shot Carter in the chest, taped his hands, and took $1,400 cash from Carter and fled the scene.  As a result of the attack, Carter has difficulty talking and can only speak in a whisper.  He has no feeling on the right side of his face.  The bullet remains lodged in Carter's aorta and cannot be surgically removed.  The state secured both written and videotaped confessions from Owens.

A grand jury indicted Owens for armed robbery and aggravated assault.  The circuit court appointed Jack Denton as counsel for Owens.  In January 2003, Owens filed a motion to have his court-appointed attorney removed.  Denton filed a response documenting the extent of his work on Owens' case.  Denton also filed a motion to withdraw as counsel.  The circuit judge conducted a hearing on Denton's motion to withdraw.  At the hearing, Owens explained that the

2

disagreements with Denton were mostly miscommunications and that he had filed a bar complaint against Denton to get his case to move forward. Owens stated that he had been unaware of Denton's efforts in his case, which included three visits with the district attorney's office to review evidence. The judge recessed the hearing to tend to other matters and recommended that Owens and Denton visit with one another and make a decision regarding Denton's continued representation.

Following the recess, Owens announced that he was "satisfied to move forward" with Denton as his attorney. Denton withdrew his motion to withdraw as counsel. Owens then informed the court that he was prepared to enter a guilty plea. Owens informed the Court that it had been his intention all along to plead guilty. When the court asked Owens why he is pleading guilty, he responded that "I'm pleading guilty because right is right and wrong is wrong, and I made a mistake."

Owens signed a petition to enter a guilty plea to both counts in the indictment. The court asked Owens if he had read the petition prior to signing it. Owens responded in the affirmative. Owens stated that his attorney went over the petition with him. Owens admitted to guilt of the charges. The prosecution recommended a 25-year sentence on the armed robbery count and a 20-year sentence on the aggravated assault count with the sentences to run concurrently.

At sentencing, the trial court stated that Owens' crime was one of the worst, if not the worst, armed robbery he had seen. Due to the nature of the crime, the trial judge rejected the prosecution's recommendation and imposed a sentence in the upper limits of the sentencing statutes. The court sentenced Owens to a 30-year sentence for armed robbery and 10-year sentence for aggravated assault, with the sentences to run consecutively, resulting in a 40-year

sentence.

Owens filed three motions shortly after sentencing.  On March 17, 2003, he filed a pro se Motion for Reconsideration requesting a shorter sentence to aid his rehabilitation and arguing that the sentence imposed was unreasonable.  On March 27, 2003, Owens' new attorney, Jim Davis, filed a Motion for Reconsideration or in the Alternative Motion to Withdraw Plea.  In that motion, Owens argued that the sentence was cruel and unusual because it was grossly disproportionate to the prosecution's recommendation.  On April 7, 2003, Owens filed a pro se Motion to Withdraw Plea in which he raised issues concerning the voluntariness of his plea and adequacy of legal representation.  These motions remained pending until 2008.

On July 8, 2008, Owens requested a writ of mandamus to seek orders on the three post-sentencing motions.  By Order dated August 11, 2008, the trial court found that none of the motions had been set for a hearing and that the judge had not been properly noticed on the certificate of service.  Nevertheless, the trial court entered an order addressing the merits and denying Owens' three motions.  In light of the trial court's order, the Mississippi Supreme Court dismissed as moot the writ of mandamus.  The Mississippi Court of Appeals ultimately affirmed the trial court's decision regarding the three post-sentencing motions.  *See Owens v. State*, 17 So.3d 628 (Miss. Ct. App. 2009).

Owens also filed a petition for post-conviction relief in State court on February 2, 2006, which the trial court denied.  He appealed the decision to the  Mississippi Court of Appeals and argued that (1) the trial court erred when it dismissed his petition without holding an evidentiary hearing; (2) the trial court erred when it imposed a sentence that exceeded the state's recommended sentence; and (3) the trial court erred when it found that Owens' pleas was freely

4

and voluntarily entered.  The Mississippi Court of Appeals affirmed the trial court's decision.
*See Owens* 996 So.2d 85.

In his § 2254 petition, Owens raises four issues:  (1) counsel provided ineffective
assistance;  (2) Owens guilty plea was illegal and coerced;  (3) he was denied his constitutional
right to confront a witness during the sentencing phase;  and (4) his sentence is excessive and
constitutes cruel and unusual punishment.

**Unexhausted Claims**

Respondent argues that although Owens raised grounds one, three and four in various
post-sentencing motions, he did not present these issues to the Mississippi Supreme Court.
Accordingly, they have not been presented to the State's highest court for consideration and
therefore the claims are not fully exhausted.  *See Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir.
1995).  In response, Owens argues that he appealed issues three and four to the Mississippi Court
of Appeals, the highest court to which he could appeal as a matter of right.  He asserts that an
appeal to the Mississippi Supreme Court is discretionary and that such an appeal would have
been fruitless.  With respect to ground one, he merely asserts that the claims of ineffective
assistance of counsel were exhausted.

Applicants seeking federal habeas relief under § 2254 are required to exhaust their claims
in state court prior to requesting federal collateral relief.  *Whitehead v. Johnson*, 157 F.3d 384,
387 (5th Cir. 1998).  The exhaustion requirement is satisfied when the claim has been fairly
presented to the highest state court.  *Id.*  Rule 17(a) of the Mississippi Rules of Appellate
Procedure provide that a decision by the state court of appeals is a final decision and not
reviewable by the state supreme court except on writ of certiorari.  Review by the supreme court

on writ of certiorari "is not a matter of right, but a matter of judicial discretion."

Owens concedes that he did not pursue grounds three and four in the Mississippi Supreme Court. His unsupported assertion to the contrary, the record also reflects that he did not pursue his claim of ineffective of assistance of counsel to the Mississippi Supreme Court. The Fifth Circuit has rejected the argument that an appeal to the state's supreme court is discretionary and therefore unnecessary for purposes of exhausting state remedies. *See Magourik v. Phillips*, 144 F.3d 348, 360-61 (5th Cir. 1998); *Wilson v. Foti*, 832 F.2d 891, 893-94 (5th Cir. 1987); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Likewise, the United States Supreme Court has rejected a similar argument. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). Accordingly, the undersigned finds that by virtue of his failing to seek discretionary review with the state supreme court, Owens has failed to exhaust his available state remedies for issues one (ineffective assistance of counsel), three (Confrontation Clause), and four (disproportionate sentence). At this point, the unexhausted claims are procedurally barred; therefore, the claims have been procedurally defaulted for purposes of habeas corpus review. *See Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001); *Sones*, 61 F.3d at 416.

Owens has not attempted to demonstrate cause for the default or prejudice. Nor has he demonstrated a fundamental miscarriage of justice. Owens pleaded guilty to the crimes charged in the indictment. He admitted under oath to the factual basis of the crimes of armed robbery and aggravated assault. The thrust of his habeas petition is merely that he would not have entered a guilty plea had he known that the sentence was going to be 40 years without possibility of parole rather than 25 years with possibility of parole after 10 years. Despite his procedural default, out of an abundance of caution, the undersigned will address each of Owens' claims on the merits.

6

**Ineffective Assistance of Counsel**

As noted above, Owens procedurally defaulted his claim of ineffective assistance of counsel.  In the alternative, the Court finds that his claim is without merit.  Owens argues that counsel was ineffective because (1) counsel failed to inform Owens that he would not be eligible for parole after 10 years; (2) counsel failed to present mitigating evidence at sentencing; and (3) counsel led him to believe that he would be waiving his right to counsel if he followed through with his intention to have Denton removed from the case.

In order to establish ineffective assistance of counsel, the petitioner must prove first that his attorney's performance was deficient, and second, that he was prejudiced by this deficient performance.  *See Strickland v. Washington*, 466 U.S. 668 (1984).  Failure to make the required showing of either deficient performance or sufficient prejudice defeats an ineffective assistance claim.  *Id.* at 700.  Judicial scrutiny of counsel's performance is highly deferential and must avoid second guessing.  *Id.* 689.  Such scrutiny must avoid the distorting effects of hindsight.  *Dowthitt v. Johnson*, 230 F.3d 733, 743 (5th Cir. 2000).  To establish prejudice requires a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different."  *Strickland*, 466 U.S. at 694.  Counsel's deficient performance must be "so serious as to deprive him of a fair trial, a trial whose result is reliable."  *Id.* at 687.

At the hearing on Denton's motion to withdraw, the prosecutor clearly informed both the court and Owens that the offense as charged was not subject to parole.  When discussing the underlying facts of the case and the sentencing potential, the prosecutor stated "[t]his is not a parolable offense."  When the Court questioned the prosecutor about this, the prosecutor affirmed that it is not parolable and that Owens was "subject to life plus 25 years as indicted."

7

The petition to enter guilty plea, which Owens read and executed on February 4, 2003, prior to entering his guilty plea, indicated that by pleading guilty he understood that he was subject to a possible sentence of up to life without parole.  Later during the plea hearing, the judge said "I want you to understand that there's absolutely no way that a crime of violence, first time offense or otherwise, that anyone under a crime of violence is eligible for probation in this judge's eyes? . . . Now as a result of that do you wish to alter what we have done up to this point now that I have explained that to you?"  Owens indicated that he understood and proceeded with the guilty plea nevertheless.  Based on the foregoing, Owens' claim with respect to the parole issue is not supported by the record.

Owens' claim that counsel was ineffective for failing to present mitigating evidence at sentencing is also without merit.  He argues that his attorney should have presented evidence of his life history, jail record, and personal background.  The record demonstrates that counsel did present mitigating evidence on Owens' behalf.  Following the plea hearing, defense counsel obtained a continuance of the sentencing hearing to allow Owens' family to attend from South Carolina.  Owens' pastor and several family members testified.  Owens' attorney also spoke on his behalf.  In this manner, the Court was informed of Owens' life history and personal background.  Moreover, the Court had access to Owens' pre-sentence investigative report, which would have related any information about Owens' jail record.  Owens has failed to demonstrate that counsel's performance was deficient with respect to the presentation of mitigating evidence at sentencing.  He does not identify any specific mitigating evidence that would have had any bearing on the outcome of the proceeding.

Owens argues that his attorney led him to believe that he would waive his right to counsel

8

if he followed through with having counsel removed from the case.  At the hearing on the motion

to withdraw as counsel, Owens stated that the disagreements with Denton were simply a matter

of miscommunication.  For example, Owens indicated that he had not been aware, until the time

of the hearing, that counsel met with the district attorney on three occasions regarding his case.

After Owens and his attorney consulted in private, Owens stated to the Court that he was

"satisfied to move forward with [Denton] representing me."  Owens has not explained how

counsel's performance was deficient.  Regardless, he does not identify any prejudice flowing

from counsel's alleged failure to inform him that he would not be waiving his right to counsel.

The fact of the matter is that Owens was represented by counsel throughout the proceeding.  He

stated in open court that he was satisfied to proceed with Denton as his attorney and that it was

his intention from the beginning to pursue an agreement with the court to plead guilty.  The

undersigned finds that Owens' claims of ineffective assistance of counsel are without merit.

### Illegal Guilty Plea

Owens argues that his guilty plea was illegal and coerced because he detrimentally relied

on the district attorney's recommendation of a 25-year sentence.  Ultimately, the trial judge

rejected the 25-year sentence and imposed a 40-year jail term.  Owens also argues that the trial

judge thought that Owens would be eligible for parole after 10 years and that this

misrepresentation influenced Owens' decision to plead guilty.  The Respondent concedes that

this issue has been properly exhausted;  therefore, this Court must consider the issue in light of

the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA).

28 U.S.C. § 2254 (d) provides:

An application for a writ of habeas corpus on behalf of a person in custody

pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Federal habeas courts review claims addressing questions of law or mixed questions of law and fact that were adjudicated on the merits in state court only when subsection (d)(1) applies. *See Morris v. Cain*, 186 F.3d 581, 584 (5th Cir. 2000). Thus, a state court decision on the merits of a mixed question of law and fact will be reviewed only upon a showing that the decision was contrary to federal law or involved unreasonable application of federal law. A state court decision is contrary to federal law when it is opposite to a United States Supreme Court decision and when it is at variance with a Supreme Court decision upon "materially indistinguishable facts." *See Williams v. Taylor*, 529 U.S. 362, 413 (2000). A state court decision involves unreasonable application of federal law when the state court properly identifies the applicable federal principle but applies it in an objectively unreasonable manner. *Id*. at 409. Federal habeas courts presume that state court factual findings are correct unless the findings are "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *See Knox v. Johnson*, 224 F.3d 470, 476 (5th Cir. 2000).

The Mississippi Court of Appeals considered Owens' claim in great detail and concluded that Owens did not detrimentally rely on the prosecutor's recommended sentence when he chose to plead guilty. In his petition and in his reply to the State's answer and response, Owens fails to

explain how the Mississippi Court of Appeals' decision was contrary to or involved an unreasonable application of federal law as determined by the Supreme Court. Likewise, he fails to explain how the Mississippi Court of Appeals decision resulted in a decision that was an unreasonable determination of the facts in light of the evidence.

While it is true that the state recommended 25 years, at the hearing on Denton's motion to withdraw, the prosecutor clearly informed both the Court and Owens that the offense as charged was not subject to parole. During the plea hearing, the trial judge also warned Owens that he would not be eligible for parole. Owens assertion that the trial judge believed Owens would be subject to parole after 10 years is simply not supported by the record.

During the plea hearing, Owens also informed the trial judge that his plea of guilty was not the result of coercion or promises but that he was pleading freely and voluntarily. He indicated that he was not entering a guilty plea as a result of any threats or offers of rewards. The petition of guilty plea, which Owens read and executed, stated that the court "is not required to follow the recommendation of the District Attorney" and that Owens offered the plea of guilty "FREELY AND VOLUNTARILY AND OF MY OWN ACCORD". Based on a review of the record, the undersigned finds that the § 2254 petition should be denied on this claim.

**<u>Witness Confrontation</u>**

Owens argues that he was denied the opportunity to confront and cross-examine a witness at the sentencing phase of his trial. Specifically, he argues that the Court considered the written victim impact statement prior to imposing sentencing but that Owens did not have the opportunity to cross-examine because the victim was not present at the sentencing hearing. He alleges that the witness statement included accusations unrelated to the case.

11

Petitioner did not exhaust this issue because he failed to present it to the state's highest court.  Nevertheless, the issue is without merit because the Confrontation Clause does not apply to sentencing hearings.  *United States v. Mitchell*, 484 F.3d 762, 776 (5th Cir. 2007);  *United States v. Navarro*, 169 F.3d 228, 236 (5th Cir. 1999).  Thus, in the alternative, the issue is denied on its merits.

### Cruel and Unusual Punishment

Owens argues that the 40-year term of imprisonment imposed by the trial judge constitutes cruel and unusual punishment because it is grossly disproportionate to the crime of conviction.  In his reply, he concedes that his "offenses are severe" but argues that he is a first-time offender and that the offense of conviction was not within his character and normal circumstances.  He also argues, without any supporting evidence, that there is virtually no risk of recidivism.  Owens asserts, but again without any supporting evidence,  that a 40-year sentence for armed robbery and assault by a first-time offender in Harrison County is very rare and virtually unheard of in most other jurisdictions.  Owens also points to the fact that the prosecution recommended only a 25-year jail term in exchange for the guilty plea.  Petitioner failed to exhaust this claim;  however, the undersigned finds in the alternative that the issue is without merit.

The Eight Amendment's ban on cruel and unusual punishment prohibits sentences that are disproportionate to the crime committed.  *Ewing v. California*, 538 U.S. 11, 22 (2003).  There are three factors that may be relevant in determining whether a sentence violates that Eighth Amendment:  (1) the gravity of the offense and the harshness of the penalty;  (2) the sentences imposed on other criminals in the same jurisdiction;  and (3) the sentences imposed for

commission of the same crime in other jurisdictions. *Id.*

As explained earlier, the state recommended 25 years; however, at the hearing on Denton's motion to withdraw, the prosecutor clearly informed both the Court and Owens that the offense as charged was not subject to parole. Furthermore, Owens read and executed a petition of guilty plea explicitly informing him that the court "is not required to follow the recommendation of the District Attorney." The mere fact the prosecution recommended a 25-year sentence is not a sufficient basis to find that the sentence imposed was disproportionate.

As related in the facts of this case, Owens struck his victim in the head with a claw hammer, causing skull fractures. He then shot his victim in the chest and taped the victim's hands. The attack left the victim with a bullet lodged in his aorta that cannot be surgically removed. The victims injuries have left him unable to speak above a whisper. Based on these factors, the sentencing judge indicated that this is one of, if not the worst , case of armed robbery and aggravated assault that he has ever witnessed. Thus, while the sentence (40 years without parole) may appear harsh, is was measured by the trial judge against the severity of the offense.

Owens argues that he is a first-time offender, which should have mitigated against the 40-year sentence. Although the record indicates that Owens had not been convicted of any other offenses, the undersigned notes that according to the pre-sentence investigation, there was a hold pending in other states for larceny, grand theft, grand theft auto, interference with custody, and forgery. Owens did not deny the existence of the charges.

Owens has presented nothing more than the bald assertion that his sentence was disproportionate when compared to sentences for comparable offenses in Harrison County and other jurisdictions. Moreover, the case law does not support Owens' contention. For example, in

13

*Bradford v. Whitley,* 953 F.2d 1008, 1012 (5th Cir. 1992), the Fifth Circuit held that a prison term of 49.5 years without possibility of parole for the crime of attempted armed robbery and concurrent 10-year sentence for attempted manslaughter was not grossly disproportionate and did not violate the Eight Amendment.  In *Bradford*, much like in the instant case, the petitioner attempted to argue that he was not a "career criminal".  Owens could have been sentenced to any term less than life for the offense of armed robbery.  *See* Miss. Code Ann. § 97-3-79.  He faced a potential 20-year sentence for the crime of aggravated assault.  *See* Miss. Code Ann. § 97-3-7(2).  Owens was 24 years old at the time of sentencing.  Thus, the 30-year sentence imposed for armed robbery with a consecutive 10-year sentence for aggravated assault was well within the statutory maximum.  The Supreme Court has held that the principle of grossly disproportionate sentences is reserved for extraordinary cases.  *See Lockyer v. Andrade*, 538 U.S. 63, 77 (2003).  Given the nature of the offense, the maximum sentence available, and guidance from the Fifth Circuit, the undersigned concludes that Owens has not demonstrated that this is one of those extraordinary cases.

## RECOMMENDATION

The undersigned recommends that Petitioner's [20, 24] Motions for Default Judgment be DENIED and that his 28 U.S.C. § 2254 petition for writ of habeas corpus be denied.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party who objects to this Report and Recommendation must, within fourteen (14) days after being served a copy of the Report and Recommendation file with the Clerk of this Court his written objections

to the Report and Recommendation, and must serve them upon the other parties and submit them to the assigned District Judge.  Within seven (7) days of service of the objection, the opposing party or parties must either serve and file a response or notify the District Judge that they do not intent to respond to the objection.   An objecting party must specifically identify those findings, conclusions, and recommendations to which he objects; the District court need not consider frivolous, conclusive, or general objections.  A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 15th day of December, 2010.

s/ *Robert H. Walker*

UNITED STATES MAGISTRATE JUDGE

15