IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **CHARLES DOUGLAS OWENS, II** § | | **PLAINTIFF** |
| § | | |
| v. § | | **Civil Action No. 1:09cv615-LG-RHW** |
| § | | |
| **JACQUELYN BANKS** § | | **DEFENDANT** |

### ORDER ADOPTING PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

**BEFORE THE COURT** are the Proposed Findings of Fact and Recommendations [27] entered by United States Magistrate Judge Robert H. Walker. Judge Walker recommends that Charles Douglas Owens, II's Motions [20, 24] for Default Judgment and Petition [2] for Writ of Habeas Corpus should be denied. Owens objects to some of Judge Walker's recommendations. Upon reviewing the submissions of the parties and the applicable law, the Court finds that the Proposed Findings of Fact and Recommendations should be adopted as the opinion of this Court.

### DISCUSSION

Owens was indicted by a grand jury for armed robbery and aggravated assault. He was accused of beating his boss with a clawhammer and a pistol and then shooting him in the chest during a dispute concerning pay. Owens was also accused of stealing $1400 from his boss, tying him up with tape, and locking him up in a shed. The victim barely survived the attack and was left with a bullet in his aorta, facial paralysis, and the inability to speak louder than a whisper.

Attorney Jack Denton was appointed to represent Owens. Owens filed a complaint concerning Denton with the Mississippi Bar and sought to have him

removed as his court-appointed attorney. Denton also filed a Motion to Withdraw as Counsel. On February 4, 2003, the Circuit Court of Harrison County, Mississippi, held a hearing on Denton's Motion to Withdraw. While discussing the Motion to Withdraw and Owens' concerns regarding Denton's representation of him, Judge Kosta N. Vlahos encouraged Owens not to play games with the Court, discussed the serious nature of the accusations against Owens, and stated that if the facts discussed by the prosecutor were the only ones presented to the jury "even Jesus Christ might make a ruling in favor of guilty much less you." He also noted that there would be a high probability that Owens would receive a life sentence. Furthermore, the following exchange took place between the prosecutor and Judge Vlahos:

> By the Prosecutor: "This is not a parolable offense. This is, as the Court knows, the defendant with his confessions and –"
>
> By the Court: "It's not parolable or probation. Its not parolable for the first ten years?"
>
> By the Prosecutor: "Yes, sir. He is subject to life plus 25 as indicted. . . ."

(Transcript of Hearing on Mot. to Withdraw at 12).

After discussing the Motion to Withdraw and the charges against Owens, Judge Vlahos asked Owens to speak with Mr. Denton regarding the Motion to Withdraw. After speaking with Denton, Owens stated that he was "satisfied to move forward with [Denton] representing [him]." (Transcript at 23). Therefore, the Motion to Withdraw as Counsel was withdrawn. Denton also announced to the Court that Owens wished to plead guilty to the charges against him. The Court immediately held a plea hearing

in which Owens admitted to committing the crimes charged, stated that he had always intended to plead guilty to the charges, and admitted that no one, including Judge Vlahos, had influenced his decision to waive his right to a trial by jury. The prosecutor recommended a twenty-five-year sentence pursuant to the plea agreement. However, Judge Vlahos sentenced Owens to thirty years for armed robbery and ten years for aggravated assault, with the sentences to run consecutively.

      Owens filed a Petition with this Court alleging: (1) ineffective assistance of counsel, (2) illegal guilty plea, (3) violation of the confrontation clause, and (4) disproportionate sentence. Judge Walker has recommended that all four of these claims should be dismissed, and that two Motions for Default Judgment filed by Owens should be denied. Owens does not object to the dismissal of counts (1), (3), and (4), and he also does not object to the denial of his Motions for a Default Judgment. However, he objects to the Proposed Findings of Fact and Recommendations concerning the allegation that the guilty plea was illegal. Owens claims that he thought that he would receive a twenty-five-year sentence and be eligible for parole after ten years if he pled guilty, based on Judge Vlahos' statements. Furthermore, he argues that the Judge's statements led him to believe he would receive a life sentence if he did not plead guilty. He claims that he would never have pled guilty if not for the Judge's statements. He also alleges that Judge Vlahos and the prosecutor gave him the false impression that he would be eligible for parole after ten years, while he is actually not eligible for parole at any time. Finally, he claims that his plea was not voluntary, because of the Judge's statement concerning Jesus.

The Court finds that Owens' claims that Judge Vlahos' statements influenced his decision to plead guilty are without merit.  At the plea hearing, Owens stated that he had always intended to plead guilty, and he admitted that Judge Vlahos had not influenced him in any way.  In addition, it should be noted that a review of the entire hearing transcript reveals that Judge Vlahos was not making these statements in an effort to encourage Owens to plead guilty, but in an effort to encourage him to communicate with his lawyer and to withdraw his complaints concerning his attorney.  Finally, as the defendant noted in her Response to Owens' Petition, Owens has not exhausted his administrative remedies with regard to his argument that he was mistakenly led to believe that he would be eligible for parole after ten years.  *See Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995).  The only time that he previously raised this argument was in a Motion for Clarification of Sentence that the Mississippi Court of Appeals held was procedurally barred as a successive motion for post-conviction relief.  Owens never sought rehearing or certiorari review of this issue in the Mississippi Supreme Court.  As a result, the Court finds that the Proposed Findings of Fact and Recommendations entered by Judge Walker should be adopted as the opinion of this Court.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Proposed Findings of Fact and Recommendations  [27] entered by United States Magistrate Judge Robert H. Walker are **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Motions [20, 24] for Default Judgment and Petition [2] for Writ of Habeas Corpus are **DENIED**.

**SO ORDERED AND ADJUDGED** this the 11th day of January, 2011.

><u>s/ *Louis Guirola, Jr.*</u>
>LOUIS GUIROLA, JR.
>UNITED STATES DISTRICT JUDGE